# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-1240V
Filed: October 20, 2016
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ALFRED MCDANIEL, | \* |
| | \* |
| Petitioner, | \* |
| | \* |
| v. | \*   Attorneys' fees and costs decision; |
| | \*   respondent does not object |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Glynn W. Gilcrease, Jr.</u>, Tempe, AZ, for petitioner.
<u>Michael P. Milmoe</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 29, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) ("Vaccine Act") alleging that he suffered Guillain-Barré syndrome as a result of his receipt of influenza vaccine on October 11, 2013. On January 4, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.

On October 13, 2016, petitioner filed a motion for attorneys' fees and costs. Petitioner requests $5,450.00 in attorneys' fees and $5,533.46 in costs for a total request of $10,983.46. On October 20, 2016, respondent filed a response to petitioner's motion for attorneys' fees and

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

costs.  In her response, respondent explains that she does not object to the overall amount sought by petitioner.  Resp. at 1.  She further explains that her "lack of objection . . . should not be construed as an admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs."  Id.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300 aa-15(e).  Based on the reasonableness of petitioner's request and the lack of opposition, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs.

**Accordingly, the undersigned awards the total amount of $10,983.46**, as a lump sum in the form of a check payable jointly to petitioner and Law Office of Glynn W. Gilcrease, Jr., PC.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: October 20, 2016                              s/ Laura D. Millman
                                                     Laura D. Millman
                                                     Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.